IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Marilee Mariano and<br>Michael Mariano, h/w<br>12165 Southwest Bayberry Avenue<br>Port St. Lucie, FL, 34987<br>　　　　　　Plaintiffs<br><br>　　vs.<br><br>Tom's Kitchen<br>656 PA-93<br>Sugarloaf, PA 18249<br><br>　　And<br><br>Clinton Bachert<br>656 PA-93<br>Sugarloaf, PA 18249<br>　　　　　　Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>NO.:<br>:<br>:<br>:<br>:<br>JURY TRIAL DEMANDED<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

### PARTIES

1.Plaintiffs, Marilee Mariano and Michael Mariano, husband and wife, are adult individuals residing at 12165 Southwest Bayberry Avenue, Port St. Lucie, FL 32987.

2.Defendant, Tom's Kitchen, is a corporation or similar entity, with a principal place of business at 656 PA-93, Sugarloaf, PA 18249.

3.Defendant, Clinton Bachert, is an adult individual and owner of Tom's Kitchen with a registered address of 656 PA-93, Sugarloaf, PA 18249.

### JURISDICTION

4.Paragraphs 1 through 3 are incorporated herein by reference.

5.Original jurisdiction is conferred pursuant to 28 U.S.C. Sec. 1332(a), as the amount in controversy exceeds the sum or value of $75,000.00, exclusive of costs and interest, and the

action is between citizens of different states.

## FACTUAL ALLEGATIONS

6. At all times material to Plaintiffs' cause of action, Defendants were the owners, possessors and maintainers of a certain property located at 656 PA-93, Sugarloaf, PA. (hereinafter "subject property").

7. All of the acts alleged to have been done or not to have been done by the Defendants were done or not done by the Defendants, their agents, servants, workmen and/or employees acting within the course and scope of their employment and authority for and on behalf of said Defendants.

8. On or about August 30, 2022, Plaintiff, Marilee Mariano, was a business invitee at the subject property and, while exercising due care and caution for her own safety, was caused to slip, trip, stumble and fall by reason of the presence of a large pothole in the parking lot of Defendants' property, thereby causing a dangerous, defective and hazardous condition.

9. As a result of the aforesaid, Plaintiff sustained serious, painful and permanent injuries as more particularly described herein.

## COUNT I-NEGLIGENCE
### Plaintiff, Marilee Mariano vs. All Defendants

10. Plaintiffs hereby incorporates the above referenced paragraphs, as fully as though the same were set forth here at length.

11. The negligence and carelessness of the Defendants consisted of the following:

(a) failing to remove or fix the large pothole in the parking lot area of the subject property so as to assure that the business invitees like the Plaintiff were safe;

(b) failing to use ordinary care and diligence to keep and maintain the said area in a condition reasonably safe for its intended uses and free from all defects and conditions which

would render it dangerous and unsafe for Plaintiff, or present an unreasonable risk of harm to her in her lawful use of the same;

    (c) failing to exercise reasonable care to protect Plaintiff, by inspection and other affirmative acts, from injuries resulting from the large pothole in the parking lot, thereby causing the said area to be in a dangerous and unsafe condition;

    (d) failing to exercise reasonable care to protect Plaintiff, by inspection and other affirmative acts, from the danger of reasonably foreseeable injury occurring from reasonably foreseeable uses of the said area;

    (e) failing to have available sufficient personnel and equipment to properly inspect and maintain the aforesaid parking lot in a condition reasonably safe for Plaintiff and free from defects and conditions rendering it unsafe;

    (f) failing to remove or fix the large pothole from the said area, thereby causing a dangerous and defective condition;

    (g) failing to give due regard to the rights, present safety and position of the Plaintiff under the circumstances;

    (h) failing to warn Plaintiff of the dangerous and defective condition then existing upon the said area;

    (i) failing to retain a competent and qualified contractor to perform paving remediation in the subject parking lot;

    (j) allowing a dangerously large pothole to exist on the subject parking lot for an extended period of time when he knew or should have known that it presented a dangerous and hazardous condition;

    (k) failing to ensure that their parking lot contractor properly filled in/paved the

large pothole in the said area in a timely manner.

        (l)    failing to fill in the pothole;

        (m)   failing to remove the pothole; and

        (n)    failing to make the property safe.

12. Defendants knew or should have and could have known of the dangerous condition then existing on the subject property.

13. Plaintiff's fall and resultant injuries were caused by the aforesaid acts of negligence on the part of Defendants or their agents, servants and/or employees, who failed to utilize reasonable care in the maintenance of said area particularly in the presence of potholes and defects.

14. As a result of the aforesaid, Plaintiff sustained injuries to her head, neck, arm, back, and legs including but not limited to a left ankle fracture, a right kneecap fracture, and a right elbow fracture, together with a severe shock to his nerves and nervous system, some or all of which Plaintiff has been advised are or may be permanent in nature.

15. As a result of the accident aforesaid, Plaintiff has undergone great physical pain and mental anguish and she may continue to endure the same for an indefinite time in the future to her great detriment and loss.

16. As a further result of the accident aforesaid, Plaintiff has been compelled to expend large sums of money for medicine and medical care in an effort to effect a cure of her injuries, and she may be compelled to continue to expend such sums for the same purposes for an indefinite time in the future, to her great detriment and loss.

17. As a result of the accident aforesaid, Plaintiff has been unable to attend to her usual and daily duties and occupation and she will be unable to attend to the same for an indefinite time in the future, to her great detriment and loss.

18. As a further result of the aforesaid, Plaintiff has suffered a loss and depreciation of her earnings and earning power, and she may continue to suffer the same for an indefinite time in the future, to her great detriment and loss.

**WHEREFORE**, Plaintiff demands that judgment be entered against the Defendants for damages, including, but not limited to, delay damages, interest, and costs of suit for an amount in excess of the jurisdictional limits, and any further relief as the Court may deem just and proper.

### COUNT II – LOSS OF CONSORTIUM
### Plaintiff –Michael Mariano v. All Defendants

19. Plaintiff, Michael Mariano, hereby incorporates by reference the averments contained in the Paragraphs above, as if more fully set forth at length herein.

20. Plaintiff, Michael Mariano, is the lawful spouse of Plaintiff, Marilee Mariano. As a result of the incident as set forth above, caused solely by the negligence and carelessness of Defendants, Plaintiff, Michael Mariano was caused to suffer the loss of guidance, support, advice, household services, consortium, personal services, companionship, and assistance of his wife, Marilee Mariano.

**WHEREFORE**, Plaintiff demands that judgment be entered against the Defendants for damages, including, but not limited to, delay damages, interest, and costs of suit for an amount in excess of the jurisdictional limits, and any further relief as the Court may deem just and proper.

**STARK & STARK, P.C.**

**Date:  October 14, 2022**

By: _____
R. TYLER TOMLINSON
DYLAN J. COCHRAN
*Attorneys for the Plaintiffs*

## JURY DEMAND

Plaintiffs demand a jury for all triable issues.

                                          **Respectfully submitted:**

                                          **STARK & STARK**
                                          A Professional Corporation

By: _____
        R. Tyler Tomlinson, Esquire
        Attorney Identification No.: 76678
        Dylan J. Cochran, Esquire
        Attorney Identification No.: 328823
        777 Township Line Road, Suite 120
        Yardley, PA 19067
        (215) 370-6031, Telephone
        (267)907-9659, Facsimile
        Ttomlinson@stark-stark.com
        dcochran@stark-stark.com

Dated:  October 14, 2022                *Attorneys for Plaintiff*